**\*E-FILED ON 5/3/05\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON KELSEY, | No. C04-01224 RMW (HRL) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS DESIGNATION** |
| v. | |
| ALLSTATE INSURANCE COMPANY, | [Re: Docket No. 20] |
| Defendant. | |

This matter having been referred to the undersigned for disposition, on May 3, 2005, this court heard the "Motion to Strike Plaintiff's Expert Witness Designation" filed by defendant Allstate Insurance Company ("Allstate"). Plaintiff Shannon Kelsey ("plaintiff") opposed the motion. At issue are plaintiff's designation of two testifying experts: (1) Everette Lee Herndon, who was retained to opine as to claims handling issues and (2) Dr. James Missett, who was retained to opine about plaintiff's claimed emotional distress. Based upon the papers submitted, as well as the arguments of counsel, the court grants the motion.[1]

## I. BACKGROUND

This action arises from an August 27, 2000 fire that damaged plaintiff's home. On December 19, 2003, plaintiff filed a complaint in state court for bad faith breach of contract, alleging that Allstate

---

[1] In belated submissions, including a declaration filed after the hearing, plaintiff urges this court not to entertain the instant motion because Allstate did not conduct a "live" meet-and-confer with him as to the issues presented. However, under the particular facts presented here, this court is persuaded that such a conference could not have led to a resolution of the instant dispute.

failed to timely pay benefits owed under his homeowners insurance policy and to make full payment for the loss of his personal property. Allstate subsequently removed the matter to this court, asserting diversity jurisdiction.

On September 24, 2004, the District Court issued a Case Management Order setting a March 1, 2005 deadline for the parties' expert witness disclosure, with the disclosure to include written reports. On March 2, 2005, plaintiff served his disclosure which consisted of a list of fifteen names, most of which are Allstate employees and other third-party witnesses. Also on the list were the names of Mr. Herndon and Dr. Missett, the only individuals – plaintiff later confirmed – who were to be formally retained as experts.

No written reports were produced with the disclosure. Mr. Herndon's report was not served on Allstate until March 30, 2005, one day before the court-ordered close of all discovery. Dr. Missett's report was not served until April 5, 2005, one week after discovery closed and over one month after the disclosure deadline.

Pursuant to Fed.R.Civ.P. 37, Allstate now moves for an order striking plaintiff's untimely expert designations and precluding him from calling Mr. Herndon and Dr. Missett at trial.

## II.  LEGAL STANDARD

Fed.R.Civ.P. 37(c)(1) provides, in relevant part that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." "In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions," including (1) the payment of reasonable expenses and attorney's fees; (2) any of the sanctions authorized by Fed.R.Civ.P. 37(b)(2)(A), (B), and (C); and (3) informing the jury of the failure to make the disclosure. *See id*.

This rule "provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion [to compel disclosure] under [Fed.R.Civ.P. 37] (a)(2)(A)." *See* Advisory Committee Notes to Fed.R.Civ.P. 37 (1993 Amendments); *see also Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (acknowledging that the sanction

under Fed.R.Civ.P. 37(c)(1) is "self-executing" and "automatic"). The burden is on the party facing sanctions to prove harmlessness. *Yeti By Molly, Ltd.*, 259 F.3d at 1107.

### III. DISCUSSION

Plaintiff has offered no satisfactory explanation for his failure to timely comply with the court's case management schedule and provide his experts' written reports as required under Fed.R.Civ. 26(a)(2)(B). His contention that he was not obliged to produce reports for his "nonretained experts, treating doctors and Allstate's personnel" is immaterial. The instant motion concerns only his failure to timely designate and produce reports for his retained experts, Mr. Herndon and Dr. Missett.

The papers presented indicate that plaintiff's counsel was careless and/or indifferent as to the court-ordered March 1, 2005 deadline for expert disclosures. Plaintiff contends that Mr. Herndon was unable to timely complete his report because Allstate produced twenty-one pages of additional documents on March 23, 2005. However, plaintiff does not seriously dispute that Mr. Herndon was not retained in this matter until sometime after the March 1, 2005 disclosure deadline.[2] Moreover, there is no indication that Mr. Herndon was waiting to review these additional documents, or that plaintiff even knew that Allstate would be making an additional document production. Further, for purposes of the instant motion, it is irrelevant whether a report by Mr. Herndon would have been complete if it had, hypothetically, been timely produced. Indeed, plaintiff's counsel conceded at the hearing that had Mr. Herndon been timely retained, Mr. Herndon could have produced a report by March 1, 2005 based upon the documents produced by Allstate up to that point.

Additionally, the court rejects out of hand plaintiff's contention that Mr. Herndon was unable to complete his report because Allstate allegedly delayed in scheduling the deposition of its field adjuster, Mr. Bryan. As noted above, plaintiff had not even retained Mr. Herndon in this matter by the March 1, 2005 deadline. Moreover, there is no indication that plaintiff told Allstate that he needed

---

[2] The record indicates that plaintiff's counsel did not speak with Mr. Herndon about this lawsuit for the first time until March 2, 2005 – i.e., one day *after* the expert disclosure deadline. (*See* Woelfel Decl., Ex. F). At the hearing, plaintiff's counsel stated that he might have called and left a message for Mr. Herndon on or before March 1, 2005, but he does not recall what, if anything, he said about this lawsuit or about plaintiff's plans to retain him as an expert in this action.

3

Mr. Bryan's deposition before Mr. Herndon could write his report.  Indeed, Mr. Herndon apparently prepared his report without reviewing Mr. Bryan's deposition testimony.

As for plaintiff's contention that Dr. Missett maintains a very busy schedule, this lawsuit was filed on December 19, 2003, and Judge Whyte issued his Case Management Order on September 24, 2004.  Thus, plaintiff had ample time to retain experts and to work around their schedules as necessary.

Plaintiff does not describe the importance of Mr. Herndon's and Dr. Missett's testimony to his case.  Whatever significance they may have, however, only underscores the need for plaintiff to have complied with the court's case management order in a timely fashion.

In summary, none of plaintiff's explanations and justifications serve to excuse his noncompliance with the expert designation requirements or with the court's case management deadlines.

Moreover, plaintiff's belated disclosure was not harmless.  Allstate was deprived of the opportunity to take meaningful discovery of Mr. Herndon and Dr. Missett.  *See* Fed.R.Civ.P. 26(b)(4)(A) ("[i]f a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided").  Allstate was also unable to designate its own rebuttal experts (if any) by the court-ordered March 15, 2005 deadline.  Plaintiff says he is willing to make his experts available for deposition up until twenty days before the trial which is set to begin on June 20, 2005.  However, neither party has requested a continuance; and, at this stage of the litigation, the harm to Allstate cannot be cured – at least not without imposing an onerous and undue burden upon Allstate.

**IV.  ORDER**

Based on the foregoing, IT IS ORDERED THAT:

1. Allstate's motion to strike plaintiff's expert designations is GRANTED.  Plaintiff's expert designation is stricken, and he shall be precluded from calling Mr. Herndon and Dr. Missett to testify at trial.

4

2.      Allstate's request for monetary sanctions is DENIED.

Dated:  May 3, 2005

      /s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

1   5:04-cv-1224 Notice will be electronically mailed to:

2   Michael A. Barnes     mbarnes@sonnenschein.com

3   Sonia Renee Martin    swm@sonnenschein.com

4   John A. Shepardson    johnshepardson@hotmail.com

5   Jessica Lou Woelfel   jwoelfel@sonnenschein.com

6   Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.